UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLSTATE CONSTRUCTION, INC.                CIVIL ACTION

VERSUS

OHIO SECURITY INSURANCE                    NO. 23-01295-BAJ-SDJ
COMPANY

RULING AND ORDER

Before the Court is Defendant Ohio Security Insurance Company's **Rule 12(b)(6) Motion To Dismiss Complaint In Intervention (Doc. 30).** Intervenor Vina Cleaners LLC ("Vina Cleaners" or "Intervenor") opposes the Motion. (Doc. 31). Defendant filed a Reply Brief. (Doc. 32). Defendant also filed a Supplemental Memorandum, (Doc. 42), and Vina Cleaners filed a Sur-Reply. (Doc. 43).

For the reasons below, Defendant's Motion is **DENIED WITHOUT PREJUDICE.**

I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance case. On August 29, 2021, Hurricane Ida made landfall in Baton Rouge, Louisiana, allegedly damaging Vina Cleaners' laundry and dry-cleaning business (the "Property"). (Doc. 8 at ¶¶ 2, 7). Vina Cleaners was allegedly the named insured under a commercial insurance policy with Defendant, which was in effect from July 2, 2021, to July 2, 2022 (the "Policy"). (*Id.* at ¶ 5). Vina Cleaners allegedly timely reported loss under the Policy to Defendant and requested coverage. (*Id.* at ¶ 8).

After Hurricane Ida, Vina Cleaners assigned its rights under the Policy to Plaintiff Allstate Construction, Inc. ("Allstate Construction"), a company specializing in construction services. (*Id.* at ¶¶ 1, 11). Allstate Construction alleged that Defendant failed to pay under the Policy as owed, and as a result, Allstate Construction and Vina Cleaners were unable to make meaningful repairs to the Property. (*Id.* at ¶ 19).

Allstate Construction filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (Doc. 1-2). Defendant timely removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at ¶ 8). Allstate Construction asserted the following causes of action against Defendant: (1) breach of contract (Count I); (2) bad faith under Louisiana Revised Statutes § 22:1973 (Count II); and (3) failure to pay under Louisiana Revised Statutes § 22:1892. (*See generally* Doc. 8).

Defendant moved to dismiss Allstate Construction's bad faith claims, arguing: (1) in the absence of clear and unambiguous language, any rights that Vina Cleaners assigned to Allstate Construction did not include the right to pursue bad faith penalties; and (2) Vina Cleaners could not assign a right under Louisiana Revised Statutes §§ 22:1892 or 22:1973 because such a claim had not accrued at the time of the assignment. (Doc. 5). The Court granted Defendant's Motion and dismissed Allstate Construction's bad faith claims with prejudice. (Doc. 25). In its Ruling, the Court reasoned that Allstate Construction's bad faith claims were "extracontractual" and that the assignment of rights between Allstate Construction and Vina Cleaners

did not expressly include an assignment of claims under Louisiana Revised Statutes §§ 22:1892 or 22:1973. (Doc. 25 at 8–9).

Vina Cleaners then filed a Complaint of Intervention against Defendant to assert bad faith claims under Louisiana Revised Statutes §§ 22:1892 and 22:1973. (Doc. 29). In the Complaint of Intervention, Vina Cleaners alleges that it believed its assignment of rights to Allstate Construction under the Policy included the right to assert bad faith claims. (*Id.* at ¶ 10). Nevertheless, Intervenor Vina Cleaners now asserts the following causes of action against Defendant: (1) bad faith under Louisiana Revised Statutes § 22:1973 (Count I); and (2) failure to pay under Louisiana Revised Statutes § 22:1892 (Count II).

Defendant again moves to dismiss, this time seeking to dismiss Intervenor Vina Cleaners' Complaint in Intervention. (Doc. 30). Defendant argues that dismissal is warranted because: (1) Vina Cleaners cannot state a bad faith claim under Louisiana Revised Statutes §§ 22:1892 or 22:1973 for alleged acts or omissions of bad faith that occurred after Vina Cleaners assigned its claim to Allstate Construction; and (2) even if Vina Cleaners could assert a bad faith claim, it did not adequately plead such a claim. (Doc. 30 at 1–2). For the following reasons, Defendant's Motion is **DENIED WITHOUT PREJUDICE.**

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must

3

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### III. DISCUSSION

In its Motion, Defendant asks the Court to dismiss Vina Cleaners' Complaint of Intervention because: (1) Vina Cleaners cannot state a bad faith claim under Louisiana Revised Statutes §§ 22:1892 or 22:1973 for alleged acts or omissions of bad faith that occurred after Vina Cleaners assigned its claim to Allstate Construction; and (2) even if Vina Cleaners could assert a bad faith claim, it did not adequately plead such a claim. (Doc. 30 at 1–2).

Where jurisdiction is founded on diversity, federal courts must apply the

4

substantive law of the forum state. *Meadors v. D'Agostino*, No. CV 18-01007-BAJ-EWD, 2020 WL 1529367, at *3 (M.D. La. Mar. 30, 2020) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Here, the Court must apply Louisiana law.

Vina Cleaners allegedly assigned its claims under the Policy to Allstate Construction. (Doc. 8 at ¶¶ 1, 11). Then, Allstate Construction filed suit against Defendant, the insurer, to recover under the Policy. (Doc. 8). The Court dismissed Allstate Construction's bad faith claims against the insurer. (Doc. 25). The Court reasoned that Allstate Construction's bad faith claims were "extracontractual" and the assignment of rights between Vina Cleaners and Allstate Construction did not expressly include an assignment of claims under Louisiana Revised Statutes §§ 22:1892 or 22:1973. (Doc. 25 at 8–9).

Now, Vina Cleaners, as an Intervenor, seeks to assert the same bad faith claims against the insurer, and the question before the Court is whether it can do so.

In a similar case, *Allstate Constr., Inc. v. Nautilus Ins. Co.*, the U.S. District Court for the Eastern District of Louisiana considered the issue of whether an assignor could possess bad faith claims against an insurer when bad faith claims were not specifically identified in the assignment of benefits. No. CV 23-1524, 2025 WL 2159409, at *5 (E.D. La. July 30, 2025). The court held: "Because [assignor] assigned all its contractual claims to [assignee] before any alleged bad faith adjusting occurred, [assignor] cannot maintain bad faith statutory claims against [d]efendant [the insurer]." *Id.* The court also found that the assignor could not maintain bad faith

5

claims against the insurer absent an underlying insurance claim. *Id.* Thus, the court granted summary judgment in favor of the insurer and against the assignor, dismissing the assignor's claims for bad faith penalties under Louisiana Revised Statutes §§ 22:1892 and 22:1973. *Id.*

In its Sur-Reply, Vina Cleaners argues that the Eastern District's decision in *Allstate* "reflects a legally flawed interpretation of Louisiana law and stands in direct conflict with the well-reasoned holding of the Western District in *Creamer Brothers Inc. v. Gen. Cas. Co. of Wisconsin*, No. CV 22-6110, 2024 WL 4518347 (W.D. La. Sept. 12, 2024)." (Doc. 36-1 at 1).

In *Creamer Brothers*, like here, the U.S. District Court for the Western District of Louisiana held that an assignor that assigned its rights under an insurance policy did not assign its bad faith claims because the assignment was not sufficiently express. *Id.* at *2. Thus, the Western District held that the assignor retained its rights to bring bad faith claims against the insurer. *Id.*

The insurer argued that because the assignor did not possess bad faith claims as of the date of the assignment, the assignor could not have later accrued a bad faith claim because the assignor no longer possessed the underlying substantive claim. *Id.* The Western District held:

> But this cannot be true. When combined with the prohibition against *pre-accrual* assignment of bad-faith claims, it would mean that these penalties can *never* accrue—in favor of anyone—if an assignment is executed as to the insurance proceeds themselves prior to a bad-faith claim having arisen. This result is certainly not in comport with the purpose of the bad-faith statute, as it would serve no deterrent effect against dealing with insurance claims in bad faith following a pre-accrual assignment.

*Id.* (citing *Pontchartrain Gardens, Inc. v. State Farm Gen. Ins. Co.*, No. CIV.A. 07-7965, 2009 WL 86671, at *3–6 (E.D. La. Jan. 13, 2009); *Witten Roofing LLC v. Liberty Mut. Ins.*, No. 3:23-CV-01438, 2024 WL 758564, at *2 (W.D. La. Feb. 23, 2024); *Edwards v. Louisiana Farm Bureau Mut. Ins. Co.*, 2015-0292, p. 6 (La. App. 1st Cir. 9/18/15), 182 So. 3d 992, 997, *writ denied*, 2015-1892 (La. 11/20/15), 180 So. 3d 1286 ("The purpose of Subsections 22:1892B(1) and 22:1973B(5) is to provide a mechanism for enforcing existing contractual obligations between the insurer and the insured, and deterring bad faith on the part of insurers in opposing valid claims.").

Vina Cleaners argues that adopting Defendant's theory here would "effectively render Louisiana's bad faith statutes toothless in any case involving a post-loss assignment. Such a result contravenes both the spirit and letter of La. R.S. §§ 22:1892 and 22:1973." (Doc. 36-1 at 2). Vina Cleaners asks the Court to follow the Western District's decision in *Creamer Brothers* and reject an interpretation that would "allow insurers to evade accountability for bad faith conduct solely because the insured exercised its right to assign policy benefits." (*Id.*). Defendant asks the Court to follow the Eastern District's decision in *Allstate*. (Doc. 42).

The Court will deny Defendant's Motion to Dismiss Vina Cleaners' Complaint of Intervention (Doc. 30) without prejudice for the following reasons. First, there is a conflict between the Louisiana federal district courts' interpretation of Louisiana law on this issue. Second, this is an important issue for both parties. If the Court grants Defendant's Motion, the result is that no party holds the right to assert bad faith

7

claims against Defendant. If the Court denies Defendant's Motion, Defendant faces steep penalties under Louisiana's bad faith statutes when it is unclear whether that result is legally sound. Third, the Eastern District's decision in *Allstate* is currently on appeal before the United States Court of Appeals for the Fifth Circuit. (*Allstate Construction, Inc. v. Nautilus Insurance Company*, Fifth Circuit Docket No. 25-30486). Fourth, the *Allstate* plaintiff appears to be the same entity as Plaintiff here—Allstate Construction, Inc. Finally, in both the Eastern District *Allstate* case and the instant case, the parties are represented by the same counsel of record—Gordon Lee James and Jason R. Smith of Hudson, Potts & Bernstein, LLP, and H. Minor Pipes, III, and Patrick J. Lorio of Pipes Miles Beckman, LLC. Thus, Counsel in the instant case will undoubtedly be apprised as the *Allstate* case progresses on appeal. The Court will defer deciding this issue until it receives instruction from the Fifth Circuit.

Accordingly, Defendant's Motion to Dismiss Vina Cleaners' Complaint of Intervention (Doc. 30) is **DENIED WITHOUT PREJUDICE.**

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Ohio Security Insurance Company's **Rule 12(b)(6) Motion To Dismiss Complaint In Intervention (Doc. 30)** is **DENIED WITHOUT PREJUDICE** to Defendant's right to re-urge the argument following the United States Court of Appeals for the Fifth Circuit's consideration of the issue.

Baton Rouge, Louisiana, this 30th day of September, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**